## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Aimee Davis<br>2737 Pratt St.<br>Philadelphia, PA 19137,<br>                 Plaintiff | : <br> : <br> : <br> : <br> : | Civil Action – Law |
| v. | : <br> : <br> : | Jury Trial Demanded |
| Philadelphia Police Officer Hughes<br>City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102, | : <br> : <br> : <br> : <br> : | NO. 17-1381 |
| Philadelphia Police Officer Ismael<br>Vazquez, Jr.<br>City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102, | : <br> : <br> : <br> : <br> : <br> : | |
| Philadelphia Police Officer John Doe (I-II)<br>Riverside Correctional Facility<br>8151 State Road<br>Philadelphia, PA 19136 | : <br> : <br> : <br> : <br> : | |
| City of Philadelphia<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102, | : <br> : <br> : <br> : | |
| Felix Jones, R.N.<br>Riverside Correctional Facility<br>8151 State Road<br>Philadelphia, PA 19136 | : <br> : <br> : <br> : <br> : | |
| Jonathon Cohen, M.D.<br>Riverside Correctional Facility<br>8151 State Road<br>Philadelphia, PA 19136 | : <br> : <br> : <br> : <br> : | |
| ABC Corp.<br>Riverside Correctional Facility<br>8151 State Road<br>Philadelphia, PA 19136 | : <br> : <br> : <br> : <br> : | |

John Doe (III-V)                          :
Riverside Correctional Facility           :
8151 State Road                           :
Philadelphia, PA 19136                    :
                          Defendants      :

---

## **REPORT OF THE RULE 26 (F) CONFERENCE**

In accordance with the Federal Rule of Civil Procedure 26(f), and this Honorable Court's Order of October 16, 2017, counsel for the parties conferred on November 15, 2017, and submit the following report of their meeting for the court's consideration:

**1.      Discussion of Claims, Defenses and Relevant Issues**

**A.      Plaintiff, Aimee Davis**

Plaintiff claims that On October 16, 2015, she was involved in a motor vehicle accident as a result of which she suffered a displaced, comminuted, impacted fracture of her left distal radius. In connection with the accident, Plaintiff was placed under arrest by Defendant Officers of the Philadelphia Police Department. Due to her injuries, Plaintiff was taken to Aria Hospital.  While in the hospital, two attempts of closed reduction were attempted on the fracture; however, neither was successful.  Plaintiff, as well as the Defendant Officers, were told about the failed attempts to reduce the fracture and the instability of the Plaintiff's joint, and were instructed that Plaintiff must see an orthopedic specialist within two days for treatment of her unstable fracture, which would include surgery.  It is Plaintiff's position that the Defendants, consistent with their policies, practices, and customs, then failed to provide her access to this necessary medical care, of which they had actual knowledge she needed.  In addition, the professional Defendants failed to properly treat Plaintiff for the injuries with which she was presenting.  As a result of the failure to get the surgery timely, Plaintiff's bone began healing in its improper position thereby complicating the surgery and worsening her recovery.

**B.**     **Defendant Jonathon Cohen, M.D.'S Position and Defenses**

**1.**     **Facts that support Dr. Cohen's defenses**

Dr. Cohen was a physician at Riverside Correctional Facility.  Ms. Davis was an inmate at Riverside Correctional Facility for five days.  During her short stay at Riverside Correctional Facility, Dr. Cohen examined Ms. Davis and/or reviewed her medical chart.  As a result, Dr. Cohen told plaintiff that she was to go to an orthopedic surgeon and wrote a referral for Temple Orthopedics.  Additionally, Dr. Cohen ordered an x-ray for plaintiff's wrist.  Dr. Cohen completed the required summary paperwork.  Dr. Cohen had no other contact with Ms. Davis prior to her being transferred to SCI-Muncy.

**2.**     **Issues and Motions**

The primary issue for Dr. Cohen is whether plaintiff fails to state an Eighth Amendment Constitutional claim and a medical malpractice claim against him.  It is Dr. Cohen's position that plaintiff's Constitutional claim fails as to the allegation of deliberate indifference because he exercised his professional judgment by providing plaintiff with a referral and ordering an x-ray, as acknowledged by plaintiff in her Complaint.  Dr. Cohen also contends that plaintiff's medical malpractice claim fails because it simply contains bare legal conclusions that are either unsupported by facts or directly contradicted by the facts pleaded by plaintiff.  An additional threshold issue is that plaintiff has not filed a Certificate of Merit in support of her medical malpractice claim against Dr. Cohen.  Dr. Cohen has placed plaintiff on notice of his intent to enter judgment of non pros against plaintiff if she does not file a Certificate of Merit in thirty days.  As mentioned previously, Dr. Cohen has filed a Motion to Dismiss for failure to state a claim.  If plaintiff's Amended Complaint survives, Dr. Cohen anticipates filing a summary judgment motion after the close of discovery.

### C.   Defendants City of Philadelphia and P/O Ismael Vazquez, Jr.

Defendants City of Philadelphia and Vazquez deny all claims asserted against them.  In order to prevail in a suit against the City under § 1983, a plaintiff must demonstrate that a municipal policy or custom was the "moving force" for the harms alleged.  Here, the City asserts Plaintiff has failed to factually allege a *Monell* claim and that Plaintiff's alleged harms, even if they in fact occurred, were not caused by any such policy or custom.

With respect to Vazquez, it is Defendants' position that Vazquez simply arrested Plaintiff without incident and had nothing to do with her medical treatment or the documentation thereof.  Vazquez further asserts he engaged in no conduct that could plausibly constitute deliberate indifference to Plaintiff's medical needs.

### D.   Defendant, Felix Jones, RN's Position and Defenses

1.   **Facts**

Felix Jones is a registered nurse who was on duty at the Riverside Correctional Facility when the plaintiff was admitted.  Nurse Jones conducted an intake screening and completed the prescribed reports documenting the state of the plaintiff's physical health.  Nurse Jones made particular note of the plaintiff's recent arm fracture and referred the plaintiff, appropriately, to the physician who undertook the care of the plaintiff from that point forward.

2.   **Issues**

Defendant Jones disputes the plaintiff's claims for the identical reasons voiced by Dr. Cohen above.  There is no evidence of deliberate indifference on the part of this defendant, nor is there any evidence that this registered nurse deviated from any standard of care for a registered

nurse under the same circumstances. As is the case with Dr. Cohen, the plaintiff has failed to produce a certificate of merit regarding her malpractice claims against Nurse Jones.

## 2.   **Informal Disclosures**

The parties have begun to exchange Initial Disclosures.  The parties agree that any disclosures not yet produced will be exchanged no later than December 15, 2017.

## 3.   **Formal Discovery**

The parties have begun to exchange written discovery.  Specifically, on October 28, 2017, Plaintiff served Requests for Production of Documents on all Defendants, and is awaiting a response to same.  Interrogatories and Requests for Production of Documents will be exchanged formally.  Following the exchange of written discovery, depositions will be conducted.

The parties believe all formal discovery, including depositions, can be completed by April 27, 2018.

At this time, it is not anticipated that the parties will need to exchange electronically stored information.

## 4.   **Electronic Discovery**

The parties agree to the default standards for conducting electronic discovery.

## 5.   **Expert Witness Disclosures**

Plaintiff will produce her expert reports no later than April 27, 2018.

Defendants will product their expert reports no later than May 25, 2018.

Expert discovery depositions, if any, will take place no later than June 22, 2018.

## 6.   **Early Settlement or Resolution**

The parties believe a settlement conference at the end of discovery, perhaps with the Magistrate Judge, could be helpful.

7.    **Trial Date**

A date certain is not requested at this juncture.

8.    **Length of Trial**

It is anticipated that the Trial of this matter will last 3 days.

9.    **Other Matters**

None at this time.

**Hill & Associates, P.C.**

By: _____
Susan B. Ayres, Esquire
Counsel for Plaintiff